IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENYATTA HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-750 |
| | § | |
| DILLARD'S, INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT AND JURY DEMAND

Plaintiff Kenyatta Hill files this *Complaint and Jury Demand* against her former employer, Defendants Dillard's, Inc. and demands a trial by jury. In support of her claims, Plaintiff states the following:

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Red Oak, Texas.

2. Dillard's Inc. ("Defendant") is a foreign for-profit corporation that operates a department store in Cedar Hill, Texas in Dallas County.

3. Defendant has been served through its registered agent, CT CORP SYSTEM, at 1999 Bryant St., Ste 900, Dallas, TX 75201-3136.

4. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1981 and the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621, et. seq. This Court also has supplemental jurisdiction over Plaintiff's THCRA claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper as the events giving rise to this Complaint occurred at Defendant's Cedar Hill department store in the Northern District of Texas, Dallas Division.

## II. FACTS

6. Plaintiff Kenyatta Hill began working for Defendant in October of 2004.

7. Ms. Hill started off working in the Abilene, Texas store, and was then transferred to the Cedar Hills store where she worked until her employment ended.

8. Ms. Hill was a loyal and dedicated employee who performed her job well for over 17 and a half years.

9. In 2022, Israel Mares was the Store Manager of the Cedar Hill Dillard's store.

10. In 2022, Kathia "Kat" Minnie was a sales manager at the Cedar Hill Dillard's store and Ms. Hill's direct supervisor.

11. Mr. Mares and Ms. Minnie are both Hispanic.

12. Mr. Mares and Ms. Minnie are also both under the age of 40.

13. As of 2022, Mr. Mares was approximately 34 years old.

14. As of 2022, Ms. Minnie was approximately 26 years old.

15. In 2022, Mr. Mares told Ms. Hill that she needed to recruit more cute young Hispanic girls from Grand Prairie to work at the Cedar Hill Dillard's store.

16. Ms. Minne also said that she, Ms. Minne, wanted to hire more Hispanics to work in Ms. Hill's area of the store.

17. Ms. Hill is black and African American.

18. As of 2022, Ms. Hill was also 51 years old.

19. On May 9, 2022, Ms. Hill was fired from Dillard's.

20. The reason Ms. Hill was given for her termination was alleged time clock fraud for going out to her car while she was clocked in for her shift.

21. Ms. Hill had gone out to her car to change her shoes because the Regional Manager was coming to visit the store.

22. At that time, Ms. Hill wore comfortable shoes to work because she had injured her ankle.

23. Ms. Hill knew that the Regional Manager preferred for female employees to wear hills.

24. Ms. Hill therefore went out to her car to change into heels out of respect for the Regional Manager's visit, and, while out there, moved her car closer to the building so she wouldn't have to walk as far back to her car in her heels.

25. Ms. Hill was not gone from the store very long at all.

26. Ms. Hill was shocked to then be accused of time clock fraud and fired over this quick trip out to her car.

27. Younger employees and Hispanic employees often took care of personal business while clocked in for their shifts and were not disciplined or fired as a result.

28. One younger Hispanic employee left the store to go get lunch while still clocked in and he was not fired or disciplined.

29. Other younger Hispanic employees would put on their own personal makeup while clock in and were not disciplined or fired for doing so.

30. Other younger Hispanic employees took breaks in the break room while still clocked in and were not disciplined or fired for doing so.

31. Other younger Hispanic employees went out to their cars during the work day while clocked in and were not disciplined or fired for doing so.

32. The real reason Ms. Hill was fired was not because she went out to her car but because she was an older black employee rather than a young Hispanic employee.

33. Dillard's used the fact Ms. Hill went out to her car to change her shoes as an excuse to fire an older black employee and free up a position for the younger Hispanic employees Mr. Mares and Ms. Minnie wanted to hire.

### III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – AGE DISCRIMINATION
### IN VIOLATION OF THE ADEA & TCHRA

34. Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

35. Throughout her employment at Dillard's, Inc., Plaintiff was an employee within the meaning of the Age Discrimination in Employment Act ("ADEA") and Chapter 21 0f the Texas Labor Code ("TCHRA"). *See* TEX. LABOR CODE. §§ 21.001 *et. seq.*

36. Defendant Dillard's Inc. is an employer within the meaning of ADEA and the TCHRA.

37. The ADEA and TCHRA prohibited the Defendant from discriminating against Plaintiff based on her age.

38. Defendant discriminated against Ms. Hill based on her age when it fired her.

39. Ms. Hill would not have been fired but for her age (51 years old).

40. Ms. Hill exhausted her administrative remedies under the ADEA and TCHRA by timely filing a Charge of Discrimination within 180 days of the date of her termination.

41. Ms. Hill timely filed her ADEA claims within 90 days of the date the EEOC issued her a right-to-sue letter.

42. Ms. Hill timely filed her TCHRA claims within 2 years of the date of her termination.

43. Defendant's violation of Plaintiff's ADEA and TCHRA rights was not a mistake, but rather intentional and willful, justifying an award of liquidated damages and/or punitive damages against Defendant.

44. As a result of Defendant's unlawful employment practices, Ms. Hill has suffered economic losses including lost back and front pay, lost commissions, and lost health insurance and other benefits.

45. In addition, Ms. Hill has suffered, and will continue to suffer, emotional pain due to the loss of her job of seventeen and a half years, embarrassment, anxiety, sleeplessness, stress, headaches, loss of enjoyment of life, and other non-pecuniary losses.

46. Ms. Hill has also incurred, and will continue to incur, costs in seeking to protect and enforce her rights, including court costs and attorney's fees.

## SECOND CAUSE OF ACTION – RACE DISCRIMINATION
## IN VIOLATION OF 42 U.SC. § 1981

47. Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

48. 42 U.S.C. § 1981 ("Section 1981") guarantees, among other things, "all persons … the same right … to make and enforce contracts … as is enjoyed by white citizens."

49. As a black African-American employee, Ms. Hill had the right to the same terms, privileges, and conditions of employment as white and non-African-American employees.

50. Plaintiff's claims of intentional race discrimination against Defendant are brought pursuant to the requirements and obligations of the statute.

51. Defendant, Dillard's Inc., was Plaintiff's employer.

52. Defendant intentionally subjected Ms. Hill to discrimination with respect to her employment on the basis of her race and color.

53. Defendant would not have terminated Plaintiff's employment "but for" Ms. Hill's race and color.

54. Defendant intentionally and maliciously discriminated against Ms. Hill, acting with malice and reckless disregard for Plaintiff's constitutional rights guaranteed under Section 1981.

55. Defendant's racially discriminatory actions caused specific, punitive and compensatory injuries in violation of Ms. Hill's constitutional rights, as guaranteed under Section 1981.

56. As a result of Defendant's unlawful employment practices, Ms. Hill has suffered economic losses including lost back and front pay, lost commissions, and lost health insurance and other benefits.

57. In addition, Ms. Hill has suffered, and will continue to suffer, emotional pain

due to the loss of her job of seventeen and a half years, embarrassment, anxiety, sleeplessness, stress, headaches, loss of enjoyment of life, and other non-pecuniary losses.

58. Ms. Hill has also incurred, and will continue to incur, costs in seeking to protect and enforce her rights, including court costs and attorney's fees.

## THIRD CAUSE OF ACTION – RACE DISCRIMINATION IN VIOLATION OF TITLE VII & TCHRA

59. Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

60. Throughout her employment at Dillard's, Inc., Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Chapter 21 0f the Texas Labor Code ("TCHRA"). *See* TEX. LABOR CODE. §§ 21.001 *et. seq*.

61. Defendant Dillard's Inc. is an employer within the meaning of Title VII and the TCHRA.

62. Title VII and TCHRA prohibited Defendant from discriminating against Plaintiff based on her race and color.

63. Defendant discriminated against Ms. Hill based on her race and color when it fired her.

64. Ms. Hill would not have been fired but for race and color (black, African American).

65. Ms. Hill exhausted her administrative remedies under Title VII and TCHRA by timely filing a Charge of Discrimination within 180 days of the date of her termination.

66. Ms. Hill timely filed her Title VII claims within 90 days of the date the EEOC issued her a right-to-sue letter.

67. Ms. Hill timely filed her TCHRA claims within 2 years of the date of her termination.

68. Defendant's violation of Plaintiff's Title VII and TCHRA rights was not a mistake, but rather intentional and willful, justifying an award of liquidated damages and/or punitive damages against Defendant.

69. As a result of Defendant's unlawful employment practices, Ms. Hill has suffered economic losses including lost back and front pay, lost commissions, and lost health insurance and other benefits.

70. In addition, Ms. Hill has suffered, and will continue to suffer, emotional pain due to the loss of her job of seventeen and a half years, embarrassment, anxiety, sleeplessness, stress, headaches, loss of enjoyment of life, and other non-pecuniary losses.

71. Ms. Hill has also incurred, and will continue to incur, costs in seeking to protect and enforce her rights, including court costs and attorney's fees.

## IV. REQUEST FOR RELIEF

Plaintiff prays that this Court grant judgment against Defendant and grant Plaintiff all relief available to her under the Age Discrimination in Employment Act, 42 U.S.C. § 1981, Titel VII, and the TCHRA.

## V. JURY DEMAND

Plaintiff requests a trial by jury on all of her causes of action.

Date: April 10, 2023

Respectfully submitted,

**TREMAIN ARTAZA PLLC**

/s/ *Christine A. Hopkins*
Christine A. Hopkins
Texas State Bar No. 24095768
christine@tremainartaza.com
Carmen Artaza
Texas State Bar No. 24055114
carmen@tremainartaza.com
4925 Greenville Ave, #200
Dallas, TX 75206
Direct: (469) 573-0297
Fax: (214) 254-4941

**COUNSEL FOR PLAINTIFF**